UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

| | |
|---|---|
| RANVIR YADAV, VEENA YADAV, PRIYANKA YADAV, SIDHARTH YADAV, DISHARTH AULUWALIA, and DEEPAK SETH | Civil No. 11-cv-1500 |
| Plaintiffs | Judge John Koeltl |
| v. | **DEFENDANT'S MOTION TO STAY ANSWER AND DISCOVERY PROCEEDINGS** |
| RAJEEV ("ROGER") PUNJ, ET. ALS | |
| Defendants | |

-----------------------------------------------------------------X

Defendant, Rajeev Punj, by and through his attorney, Scott K. Turner, respectfully moves this Court for an Order staying an answer and all discovery proceedings.

BACKGROUND

On May 13th, 2011, Defendant, Punj, via his attorney, expressed his full intent and desire to answer Plaintiff's original complaint by May 27, 2011.  Plaintiff's complaint alleged that Punj had engaged in racketeering in violation of 18 U.S.C. § 1962 (c) and breach of contract as it related to reported business transactions.  In essence, the complaint serves as a framework for a federal indictment.  On May 16th, 2011, an indictment against Defendant Punj was unsealed in Suffolk County, New York by the Suffolk County District Attorney to which Punj has pled "not guilty." The nature and timing of the indictment has now placed Punj in an impossible position with respect to this complaint and its overlapping issues.

ARGUMENT

An answer to this complaint will result in a waiver of Punj's Fifth Amendment privilege against self-incrimination and the subsequent discovery will seek to elicit evidence that he engaged in

1

the very same alleged illegal activity at issue in the state indictment or a similar federal grand jury investigation or federal indictment. The civil proceeding, if not deferred, promises to undermine Punj's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of Fed. R. Crim. P. 16, and expose the basis of the defense to the Suffolk County District Attorney in advance of a criminal trial. A delay of this civil proceeding will not seriously jeopardize the public interest.

Neither the Fifth Amendment to the Constitution nor the Federal Rules of Criminal Procedure permit discovery in a civil case to go forward as against a defendant in a potential criminal case when the allegations of the two proceedings overlap. See, Fed. R. Crim. P. 16. Primarily to prevent prejudice to a defendant's rights under the Constitution and the rules of procedure when a "civil action...is tied in a tight knot with a criminal prosecution (or potential criminal prosecution)," the clear practice in the courts is to stay the civil action until after termination of the criminal case. *Campbell v. Eastland,* 7 F.2d 478, 480 (5th Cir. 1962). The Court's power to stay cases is part of its inherent authority "to control the disposition of the case on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 99 U.S. 248, 254, 57 S. Ct. 163, 166.

Through the use of that inherent authority, "certainly a (state) court may stay a civil proceeding during the pendency of a parallel criminal proceeding." *U.S. v. Little Al,* 712 F.2d 133, 136 (5th Cir. 1983) Indeed the courts recognize that a stay is most appropriately entered when a civil suit in a parallel case would threaten to disrupt the restrictions imposed on discovery by the criminal rules:

> *In handling motions for a stay of a civil suit until the disposition of a criminal case until the disposition of a criminal prosecution on related matters... a judge should be sensitive to the difference in the rules of discovery in civil and criminal cases. While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing*

> *criminal discovery are far more restrictive.*

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1982)

Forcing a defendant to admit or to deny civil allegations that may be the subject of a grand jury inquiry and eventually a criminal indictment is fundamentally at odds with the structure of a criminal case, in which a defendant is presumed innocent and the government must satisfy the most exacting burden of proof. Therefore, it creates precisely the type of prejudice to substantial rights of a presumptively innocent defendant that the courts have recognized in the Eastland case.

Recognizing the exceptional prejudice posed by a civil trial that aids a criminal case, the courts have long held that:

> *A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.*

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1982) (Although Campbell involved a prospective criminal defendant's attempt to obtain discovery against the government, its holding applies with even greater force when discovery is sought, as here, against a defendant. The government's right of discovery in a criminal case is much more limited than the defendant's right of discovery. Fed. R. Crim. P. 16.)

The courts have readily found the "special circumstances and the need to avoid "substantial irreparable prejudice," which warrant a stay. *U.S. v. Little Al,* 712 F.2d 133, 136 (5th Cir. 1983) (quoting Securities and Exchange Commission v. First Financial Group of Texas, Inc., 659 F.2d 660, 668 (5th Cir. 1981)*, Wehling v. Columbia Broadcasting System,* 608 F.2d 1084, 5 Fed. R. Evid. Serv. 618 (5th Cir. 1979). In Wehling*,* the circuit court reversed the district court, and ordered a stay of civil proceedings, to avoid prejudice to a plaintiff who was faced with civil discovery requests at the same time that he was a target of a grand jury investigation. The civil proceedings were stayed until the expiration of the applicable criminal statute of limitations, even though the stay could have extended for three years. While cognizant of that potential delay, the circuit court held nonetheless that:

3

> *Although a three-year hiatus in the lawsuit is undesirable from the standpoint of both the court and the defendant, permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and his lawsuit.*

*Wehling v. Columbia Broadcasting System,* 608 F.2d 1084, 1089, 5 Fed. R. Evid. Serv. 618 (5th Cir. 1979).

At any rate, the parties can hardly contend that a stay of this case would prejudice interests. The stay will probably be of shorter duration than the stay in Wehling. Moreover, a stay of this proceeding would cause no serious damage to the public interest. The ability of Plaintiffs to protect their interests will not be adversely affected in any way by a stay of this proceeding. In addition, no evidence will be lost or destroyed due to the imposition of a stay order. In light of the foregoing, the implementation of a stay is appropriate and warranted. *Brock v. Tolkow,* 109 F.R.D. 116 (E.D.N.Y. 1985)  Furthermore, as stated in *U.S. v. Armada Petroleum Corp.,* 700 F.2d 706, 708 (Emer. Ct. App. 1983), a decision affirming a stay of a noncriminal proceeding:

> *The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.*

*U.S. v. Armada Petroleum Corp.,* 700 F.2d 706, 708 (Emer. Ct. App. 1983)

On the other hand, the prejudice to the defendants is great. If the civil proceeding is allowed to proceed, an "adverse" influence" instruction may be requested by Plaintiff during the trial if the defendant asserts his Fifth Amendment privilege. If the Court permits such an instruction, the trier of fact may draw an inference of guilt from defendant's failure to testify, and, the resulting prejudice to the defendant would be great. *Baxter v. Palmigiano,* 425 U.S. 308, 316-21, 96 S. Ct. 1551, 1557-59; *Brinks v. City of New York,* 717 F.2d 700, 707-710, 13 Fed. R. Evid. Serv. 1388 (2d Cir. 1983) Even if Defendant decides to testify at trial, his Fifth Amendment assertion may be used as impeachment, a further prejudice to him.

## CONCLUSION

All courts, "have broad powers to regulate or prevent discovery," and a stay of trial proceedings until after any grand duty or criminal proceeding is "well within the discretion of the

district court." *Brennan v. Local Union No. 639, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen, and Helpers of America,* 494 F.2d 1092, 1100 (D.C. Cir. 1974).  Here, where the defendant is facing a state court indictment, a state court civil suit, and now a federal suit with overlapping issues, a stay is completely warranted to secure the safeguards that the Constitution provides to all defendants in a criminal matter and to enable him to prepare a defense.  The defendant wants nothing more than to be able to answer this complaint and move towards a resolution of the claims.  A stay of the civil suit would serve everyone's best interest and it would not be prejudicial to any party or injure the public trust.

Dated: New York, NY                                       Turner Independent Law Firm, P.C.
       May 26, 2011

                                                                      By       /s/Scott K. Turner

                                                                            Scott K. Turner, Esq.
                                                                            295 Greenwich St., #535
                                                                            New York, NY 10007
                                                                            212-457-0094

                                                          *Attorney for Defendant Rajeev ("Roger") Punj*