UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| RANVIR YADAV, VEENA YADAV, PRIYANKA YADAV, SIDHARTH YADAV, SURENDER AHLUWALIA AND DEEPAK SETH | Case No: 11 CV. 1500 |
| | Hon. John G. Koeltl |
| Plaintiffs, | PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY ANSWER AND DISCOVERY PROCEEDINGS |
| v. | |
| RAJEEV A/K/A "ROGER" PUNJ | |
| Defendant. | |

------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiffs, by and through their attorneys, Napoli Bern Ripka & Associates, LLP, opposes Defendant, Rajeev Punj's, Motion to Stay Answer and Discovery Proceedings ("Defendant's Motion").

Defendant requests this Court to indefinitely stay this civil proceeding during the pendency of an unrelated criminal matter. Defendant's motion finds no support in case law or in logic, and is now the second time Defendant has requested this Court to indefinitely stay these proceedings.

As a result, Plaintiffs respectfully request that Defendant's renewed Motion be again denied in its entirety, all costs and reasonable attorneys' fees associated with Plaintiffs' opposition be rendered against Defendant, and that Plaintiffs' countermotion for default judgment be granted.

## PROCEDURAL BACKGROUND

Plaintiffs filed a civil action with the Court on March 4, 2011, and subsequently served the Notice and Complaint upon Mr. Punj on two separate occasions (March 21, 2011 and March 29, 2011) at his primary residence. Pursuant to the Summons and FRCP Rule 12(a)(1)(A)(i), Mr. Punj was required to submit a responsive pleading within 21 days, on April 11, 2011 or April 19, 2011, at the latest. However, Mr. Punj did not file a responsive pleading. Rather, he merely

1

submitted a letter to Plaintiffs' counsel stating that he denied all claims. The letter was not properly served or filed with this Court.

On April 27, 2011, Plaintiffs filed an Order to Show Cause regarding Defendant's failure to provide a responsive pleading, and your Honor signed the Order with a return date of May 13, 2011. Counsel for Plaintiffs and Defendant appeared before the Court on May 13, 2011. Defendant's counsel argued that if his client were forced to answer the Complaint, then his client would effectively waive his Fifth Amendment privilege. Your Honor rejected this argument, denied Defendant's motion to stay the proceedings, and granted Defendant an extension to file a responsive pleading by May 27, 2011, at the latest. As of the date of this Opposition, Defendant has failed to supply a responsive pleading or comply with your Honor's ruling.

## ARGUMENT

**A.     Legal Standard for Granting a Stay of Civil Proceedings**

"It is well settled that district courts have the inherent power, in the exercise of discretion, to issue a stay when the interests of justice require such action." *Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D 36, 39 (S.D.N.Y. 1993); *e.g.*, *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir.1986); *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C.Cir. 1980), *cert. denied*, 449 U.S. 993 (1980) (*citing United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)). Nevertheless, a stay of proceedings is an "**extraordinary remedy**," that is disfavored by most courts. *Sterling Nat'l Bank v. A-1 Hotels Int'l Inc,* 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001); *see also IBM v. Brown,* 857 F.Supp. 1384, 1387 (C.D. Cal. 1994) (emphasis added). Many courts have noted that, "nothing in the Constitution forbids contemporaneous civil and criminal proceedings concerning the same subject matter." *Nosick v. Singe,* 40 F.3d 592, 596 (2d Cir. 1994); *see also Keating v. Office of Thrift Supervision,* 45 F.3d 322, 327-28 (9th Cir. 1995); *S.E.C v. First Financial Group of Texas, Inc.,* 659 F.2d 660, 660-67 (5th Cir. 1981); *S.E.C. v. Grossman,*

121 F.R.D. 207, 210 (S.D.N.Y. 1987).  Certainly it follows that nothing in the Constitution forbids contemporaneous proceedings concerning *different* subject matters, as is the case here.

As a threshold issue, courts must first determine if the civil action overlaps with the issues presented in the criminal case.  *See Volmar Distributors, Inc.*, 152 FRD at 39 (*quoting* Judge Milton Pollack*, Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201, 203 (S.D.N.Y.1989) (hereinafter "*Parallel Proceedings*")).  "The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the **same matter**." *Id.* (*citing Dresser Indus.,* 628 F.2d at 1375-76) (emphasis added).

If the civil and criminal proceedings relate to the same matter, then the Second Circuit and other federal courts balance the following five factors when deciding whether to grant a stay of civil proceedings: 1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; 2) the private interests of and burden on the defendants; 3) the interests of the courts; 4) the interests of persons not parties to the civil litigation; and 5) the public interest. *Volmar Distributors, Inc.*, 152 F.R.D at 39; *Arden Way Assoc. v. Boesky*, 660 F.Supp. 1494, 1497 (S.D.N.Y.1987); *Twenty First Century Corp. v. LaBianca*, 801 F.Supp. 1007, 1010 (E.D.N.Y.1992).

**B.     The Civil and Criminal Matters do not Overlap**

The first issue the court must determine with regard to a stay is the extent to which the issues involved in the civil and criminal matters overlap. *See Parallel Proceedings.*  Defendant erroneously argues that the Suffolk County, New York criminal matter and this present civil action overlap.  This argument is simply incorrect.  The only possible overlap between the criminal matter and this present civil action is that both actions show the Defendant's pattern and practice of larceny and theft.

3

First, Plaintiffs in this matter live in Nassau County, New York, and not Suffolk County, New York where the criminal proceeding was commenced. Second, the Plaintiffs in this matter were never contacted by the Suffolk County District Attorney, and have not participated in the Suffolk County grand jury investigation. It stands to reason that if the illegal activity under investigation in Suffolk County overlapped with the allegations of this action, then Plaintiffs would have been summoned to provide evidence and testimony in the grand jury investigation. This never occurred. Finally, Defendant has not specified which activity outlined in the unsealed indictment, if any, overlaps with this action. Defendant vaguely refers to "overlapping issues," and "the same alleged illegal activity" without specifying the parties, transactions, or facts and circumstances that actually overlap. At the very least, Defendant could have attached the indictment for Plaintiff and the Court to review.

Defendant quotes *Campbell v. Eastland* for the proposition that courts will stay a civil proceeding when a "civil action is tied in a **tight knot** with a criminal prosecution (or potential criminal prosecution)…." (Defendant's Mot. at 2). However, based on the fact that the Suffolk County District Attorney did not contact the Plaintiffs and that Defendant failed to specify overlapping issues with any particularity, there clearly is no overlap or "tight knot" between the pending criminal proceeding in Suffolk County and the present action. Rather, Defendant merely seeks a *loophole* to escape civil litigation.

C. **Stay of Proceedings Will Substantially Prejudice Plaintiffs and Will Neither Serve the Public Interest Nor Promote Judicial Economy**

Even if the civil and criminal actions did overlap, Defendant has not provided a single persuasive reason why this Court should grant the motion to stay these proceedings indefinitely. As many courts have held, granting an "indefinite or lengthy stay pending resolution of a criminal indictment…would be unduly prejudicial and burdensome." *See, e.g., United States v. United*

4

*States Currency in Amount of $294,600*, No. CV-91-2567 (CPS), 1993 WL 416698 (E.D.N.Y. Sept. 28, 1993). Granting Defendant's motion for a stay would impose particular prejudice on plaintiffs because "[a]s time progresses, evidence becomes stale, memories dim, and the search for truth, always a difficult task, becomes more and more burdensome." *Clark v. Lutchr*, 77 F.R.D. 415, 418 (D.C. Pa. 1977)); *see Digital Equipment Corp. v. Currie Ent.,* 142 F.R.D. 8, 12 (D. Mass. 1991) (delay is a burden on plaintiffs because "memories become stale with the passage of time").

In determining whether a stay is appropriate, the Court must evaluate the private interests of the plaintiffs in proceeding expeditiously with the civil litigation balanced against the prejudice to the plaintiffs if delayed. *See Volmar Distributors, Inc.*, 152 FRD 36 at 39. Some courts require the plaintiff to demonstrate a unique injury, such as the dissipation of assets, or a showing that the defendant is attempting to gain an unfair advantage from the stay. *See, e.g.*, *State Farm Mut. Automobile Ins. Co. v. Beckham-Easley*, No. CIV.A. 01-5530, 2002 WL 31111766, at *3 (E.D.Pa. Sept. 18, 2002). Here, Plaintiffs can show both that they would suffer a unique injury and that Defendant is attempting to gain an unfair advantage from the stay.

Plaintiffs each invested a considerable sum of money with Mr. Punj. To date, Mr. Punj has not returned these assets to the Plaintiffs. Upon information and belief, Mr. Punj commingled Plaintiffs' asserts with his personal assets in his bank accounts and investment accounts. If a stay is granted, this Court will be giving Mr. Punj license to dissipate or dispose of Plaintiffs' assets for an indefinite period of time.

It is clear that Mr. Punj is simply trying to gain an unfair advantage by filing his motion to stay this proceeding. Notice that Mr. Punj fails to give a timetable for the stay, but simply states that his criminal proceeding may take less than three years. "The stay will probably be of shorter duration than the stay in Wehling…"and the stay in Wehling was for at least three years. *(*Defendant's

Mot. at 4.)  In effect, Defendant requests the court approve an indefinite stay that will substantially prejudice Plaintiffs.  For the reasons discussed above, Defendant's motion must be rejected.

### D. Defendant Fails to Demonstrate Actual Prejudice

Defendant also erroneously applies the five-factor balancing test followed in the Second Circuit.  Defendant alleges that if the civil proceeding is not deferred, it "promises to undermine Punj's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of Fed. R. Crim. P. 16, and expose the basis of the defense to the Suffolk County District Attorney." (Defendant's Mot. at 2).  Concurrent civil and criminal matters do not deprive a defendant of the right to assert the Fifth Amendment Privilege in a civil matter in an answer to a complaint.  *See Nosick,* 40 F.3d at 596.   Further, as explained by the Ninth Circuit in *Keating*:

> A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment.

*Keating,* 45 F.3d at 326.

A party seeking a stay bears the burden of demonstrating that the interests of justice require the issuance of a stay. Furthermore, in balancing the parties competing interests, Judge Pollack's response to a request to stay discovery by insider-trader Ivan Boesky is instructive:

> It is plainly ludicrous for Mr. Boesky to argue that it is "unfair" to compel him to face the civil law suits against him which are the creations of his own alleged misconduct. The plight which he imagines that he is in stems solely from his own activities. Surely it would be anomalous to suspend plaintiffs' rights in these civil litigations because they will deal with Mr. Boesky's misconduct.

*Boesky,* 660 F. Supp at 1497.  Likewise, "[t]hat defendant's conduct also resulted in a criminal charge against him should not be availed of by him as a shield against a civil suit and prevent

6

plaintiff from expeditiously advancing its claim." *Paine, Webber, Jackson & Curtis, Inc.,* 486 F.Supp. at 1119.

Here, Mr. Punj converted the Plaintiffs investment funds in an apparent Ponzi scheme. Mr. Punj could have still asserted his Fifth Amendment privilege in his responsive pleadings, as your Honor expressly ordered on May 13, 2011, when the parties appeared for oral argument on the Order to Show Cause. Mr. Punj has again ignored the Court's order requiring a responsive pleading by May 27, 2011, and as such, a default judgment should be entered against him.

## CONCLUSION

Defendant failed to meet the threshold requirement of demonstrating that the civil matter overlaps the criminal proceeding. Notwithstanding, Plaintiffs still demonstrated that the five factors courts weight in their favor or are neutral. Therefore, for all the foregoing reasons, Defendant's Motion should be denied in its entirety. In addition, your Honor should grant Plaintiff's countermotion for default judgment.

Dated: June 8, 2011

                                                    Respectfully Submitted,

By: _____
      Adam J. Gana
      NY Bar Id: **4408431**
      SDNY Bar Id: AG 1980
      NAPOLI BERN RIPKA & ASSOCIATES LLP
      350 Fifth Avenue
      New York, New York 10018

      *Attorneys for Plaintiffs*