UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

RANVIR YADAV, VEENA YADAV, PRIYANKA
YADAV, SIDHARTH YADAV, SURENDER          Civil No. 11 CV 1500
AHLUWALIA, AND DEEPAK SETH
                                         Hon. John G. Koeltl

        Plaintiffs
   v.


RAJEEV "ROGER" PUNJ, et. als

        Defendants
-----------------------------------------------------------------X



**DEFENDANT PUNJ'S OPPOSITION TO PLAINTIFFS MOTION FOR JUDGMENT BY DEFAULT**

i

**Contents**

Preliminary Statement…………………………………………………………………………………………………1

Background……………………………………………………………………………………………………………….1

Legal Standard………………………………………………………………………………………………………….2

Willfulness………………………………………………………………………………………………………………..3

Prejudice…………………………………………………………………………………………………………………..5

Meritorious Defense………………………………………………………………………………………………….5

Conclusion………………………………………………………………………………………………………………..6

## Cases

*Brown v. De Filippis*, 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988)……………………………………………………3

*Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)………………………………………………………………………5

*de Antonio v. Solomon*, 42 F.R.D. 320 (D.C. Mass. 1967)……………………………………………………………3

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1991)……………………………………………………2,3

*Marziliano v. Heckler*, 728 F.2d 151 (2d Cir. 1984)……………………………………………………………………3

*New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)…………………………………………………………………2

*Pecarsky v. Galaxiworld*, 249 F.3d 167, 172 (2d Cir. 2001)…………………………………………………………2

*Powerserve Int'l. Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)……………………………………………………2

*Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993)………………………………………………………4

*R.C. Service, Inc. v. Kende Leasing Corp.*, 111 F.R.D. 428 (N.D. Ill. 1985)…………………………………..6

*Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1479 (N.D. Ga. 1997)……………………………3

*SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)……………………………………………………………………3,5

*Swink v. City of Pagedale*, 810 F.2d 791, 792 n. 2 (8th Cir. 1987)………………………………………………4

*U.S. Commodity Futures Trading Commission v. Grunfeld, et al.,* Lexis 23316, (2nd Cir., 2009)……………..4

*Wendt v. Pratt*, 154 F.R.D. 229, 230 (D. Minn. 1994)…………………………………………………………………4

*Wickstrom v. Ebert*, 101 F.R.D. 26, 32 (E.D. Wis. 1984)……………………………………………………………3

## Treatise

Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil*, § 2699 at 536-37 (1983)……………5

## Rules

*Fed. R. Civ. P. 6(b)(1)*……………………………………………………………………………………………………………3

*Fed. R. Civ. P. 12(a)(4)*…………………………………………………………………………………………………………3

*Fed. R. Civ. P.  55(a)*……………………………………………………………………………………………………………2

*Fed. R. Civ. P. 55(b)(2)*…………………………………………………………………………………………………………2

*Fed. R. Civ. P. 55(c)*……………………………………………………………………………………………………………2

**Preliminary Statement**

Defendant Rajeev "Roger" Punj, by and through his attorney, Scott K. Turner, oppose Plaintiffs Motion for Judgment by Default for good cause shown.  Defendant also opposes Plaintiffs demand for all costs and attorney fees associated with his opposition to Plaintiffs motion as being unprecedented and without merit.

**Procedural Background**

On or about January 2010, Plaintiff's communicated with the Nassau County District Attorney's Office regarding their transactions with Defendant Punj.  Subsequently, Mr. Punj voluntarily submitted to questioning by D.A. investigators in an effort to resolve Plaintiffs concerns.  As a result, no evidence of any crime was discovered and the investigation was laid dormant.

On March 4, 2011, more than a year later, Plaintiffs' filed this civil action and served Mr. Punj with process on or about March 29, 2011 in West Islip, New York.  Mr. Punj quickly defended against the complaint, in good faith, by submitting a letter to Plaintiff's counsel in which he made a general denial.

Subsequently, Mr. Punj was named a defendant to a civil claim that was pending in the Supreme Court of New York, County of Suffolk on a separate matter, but with overlapping issues.  A civil judgment was entered against him for $203,000.  Thereafter, the Plaintiffs in that action demanded that he pay them an extra $70,000 in exchange for a promise not to pursue a criminal case against him.  Mr. Punj refused and Plaintiffs sought to criminalize their civil action with the aid of the Suffolk County District Attorney's Office.  On May 9, a sealed indicted was handed down in Suffolk County against Mr. Punj and he was arraigned on May 16th.

In between, Plaintiffs moved this Court for judgment by default because Mr. Punj failed to answer the complaint in the manner prescribed in Fed. R. Civ. P. Rule 12.  Mr. Punj's counsel appeared before this Court to oppose the motion for good cause shown and the motion was denied.  Mr. Punj was granted until May 27, 2011 to answer or otherwise defend against Plaintiff's claims.

On May 26, 2011, Mr. Punj defended against this claim by filing a motion to stay proceedings pending the resolution of a Suffolk County indictment.  A similar stay motion was also filed in the Supreme Court, County of Suffolk.  Unfortunately, before the Court could rule on the motion to stay, Plaintiffs sought another entry of default from the Clerk, followed by an Order to Show Cause for judgment by default to be heard on June 24, 2011.  Once again, counsel appeared before this Court on Mr. Punj's behalf to oppose the motion and this memorandum serves to create a record sufficient for the court to decide the matters before it and to deny Plaintiffs motion.

### Legal Standard

*Federal Rule of Civil Procedure 55(a)* provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules ... the clerk shall enter the party's default." After a default has been entered against a defendant and the defendant fails to appear or move to set aside the default under *Rule 55(c)*, the Court may, on plaintiff's motion, enter a default judgment. *Fed. R. Civ. P. 55(b)(2)*. However, it is well established that default judgments are disfavored and there is a strong public policy favoring resolving disputes on the merits.  *Pecarsky v. Galaxiworld, 249 F.3d 167, 172 (2d Cir. 2001)*.

*Rule 55(c)* provides that "the court may set aside an entry of default for good cause." Good cause "should be construed generously." *Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1991)*. Indeed, when deciding a motion to vacate a default judgment, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)* (citing *Powerserve Int'l. Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001))*.

In determining whether to set aside a defendant's default, the Court should consider three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Powerserve, 239 F.3d at 514*. The Court

2.

may also consider relevant equitable factors, including whether the failure to appear was "a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp., 10 F.3d at 96*. If any doubt exists "as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id.

### Willfulness

The Second Circuit has interpreted willfulness in the default judgment context "to refer to conduct that is more than merely negligent or careless." *SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)*. However, a default may be willful "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.* Thus, "courts have held the default to be willful when a defendant simply ignores a complaint without action." *Brown v. De Filippis, 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988)* (citing *Marziliano v. Heckler, 728 F.2d 151 (2d Cir. 1984))*.  Here, Mr. Punj has consistently shown a desire to defend against this complaint by sending a general denial letter to opposing counsel, opposing default judgment on two separate occasions, and filing a motion to stay which is still pending before this Court.

On May 26, 2011, Mr. Punj filed his motion to stay, in effect, making a motion for an extension of time to answer or otherwise respond to the complaint pursuant to *Fed. R. Civ. P. 6(b)(1)*, out of time. Additionally, he believed that he was in compliance with his obligation to "otherwise defend" with the filing of the motion. See *Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1479 (N.D. Ga. 1997)* (motion to remand, while not expressly within *Rule 12(a)(4)*, falls within the "spirit and purpose" of the Rule and tolls the response time because if it is granted there is no need to respond to the claims).

"The words 'otherwise defend' presume the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim." *Wickstrom v. Ebert, 101 F.R.D. 26, 32 (E.D. Wis. 1984)* (defendants "defended" by filing motions to dismiss). Courts have determined filings other than an answer, motion to dismiss, or motion for an extension of time,

3.

satisfy the rule, particularly where the party "demonstrates a concerted effort and an undeniable desire to contest the action." *Rashidi v. Albright, 818 F. Supp. 1354, 1356 (D. Nev. 1993)* (motion for summary judgment); see *de Antonio v. Solomon, 42 F.R.D. 320 (D.C. Mass. 1967)* (Court denied plaintiff's motion for entry of default by finding that litigant's obligation to plead or otherwise defend was satisfied by his assertion of privilege against self incrimination even though allegations of complaint were not answered).

Counsel for Mr. Punj has appeared before this Court on two separate occasions to oppose a judgment by default for good cause. "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." *Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn. 1994)* (citations omitted).

Moreover, this case involves a substantial claim for damages in excess of $1.1 million dollars. "There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, particularly when monetary damages sought are substantial." *Swink v. City of Pagedale, 810 F.2d 791, 792 n. 2 (8th Cir. 1987)* (internal citations omitted).

In *U.S. Commodity Futures Trading Commission v. Joseph A. Grunfeld, et al.,* Lexis 23316, (2nd Cir., 2009), this Court denied a similar motion for default judgment because the, "Defendant ha[d] assumed the defense of the matter, as evidenced by his filing of papers in opposition to both a summary judgment and renewed default motions" pending a decision on a motion to stay. The Court held that, "given defendant's active participation and the lack of any showing of prejudice caused by his belated filings, th[e] action should be determined on its merits, and not on a motion for default." *Id*

Mr. Punj's behavior in defense of these claims has been marked with conscientiousness and is completely lacking in dilatory conduct warranting a denial of Plaintiffs motion on the issue of willfulness alone.

**Prejudice**

In the default judgment context, the Second Circuit has held that "delay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)*. "Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Id.* (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil*, § 2699 at 536-37 (1983)).

Here, the delay caused by Mr. Punj's effort to defend against this complaint has been negligible resulting in no prejudice to Plaintiffs. Viewed in light of Plaintiffs own decision to wait more than a year between discussing the matter with the Nassau County D.A. and then filing with this Court, it would seem that if there were any prejudice resulting from delay it is being borne by Mr. Punj, not the Plaintiffs.

Since prejudice is also viewed in the context of lost evidence and opportunity for fraud, it is worth addressing those issues as well. This case relies heavily on banking and trading records in the possession of third party institutions. Those records will not spoil because of a brief delay. Certainly Plaintiffs own records are not at risk either. Any argument that Mr. Punj can somehow miraculously erase the relevant documents is without merit.

Mr. Punj also addressed the issue of fraud head-on when he elected to voluntarily speak to the Nassau County D.A. more than a year ago to resolve Plaintiffs concerns. Arguing now that a brief delay creates a risk of fraud that prejudices the Plaintiffs simply does not stand. There is no reason to believe that the delay had prejudiced Plaintiffs, satisfying this prong in favor of Mr. Punj.

**Meritorious Defense**

To show a meritorious defense, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *SEC v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998)* (citations and quotations omitted).

Here, Plaintiffs alleged that they gave money to Mr. Punj to invest in the commodities markets. They also identified him as a commodities trader and cited his registration number with the National Futures Association (NFA) in the complaint.

Despite the fact that the record is not fully developed at this early stage in the litigation, Mr. Punj has a meritorious defense.  First, as Plaintiffs cited, Mr. Punj is a registered broker and does trade in commodities.  As such he is not strictly liable for Plaintiffs losses in the commodities markets for which they are now seeking to recoup via default judgment in this Court.  Moreover, despite their trading losses, Plaintiffs did received over $200,000 in returns which they have failed to factor in to their calculation of damages.  *See, R.C. Service, Inc. v. Kende Leasing Corp., 111 F.R.D. 428 (N.D. Ill. 1985)* (assertion by defendant that it was a contract carrier and could therefore not be held strictly liable constituted a meritorious defense where record is relatively undeveloped).  Thus, Mr. Punj has satisfied this prong as well and default judgment should be denied.

## Conclusion

The presentation of a meritorious defense, the clear indication that defendant did not act willfully, the lack of any prejudice to plaintiffs, and the timeliness with which defendant acted to preserve his rights all weigh in favor of denying plaintiff's motion for judgment by default.

Dated:  New York, NY
        June 29, 2011                                         _s/Scott K. Turner_____
                                                              Scott K. Turner
                                                              Turner Independent Law Firm, P.C.
                                                              295 Greenwich St. #535
                                                              New York, NY 10007
                                                              212-457-0094

                                                              *Attorney for Defendant Roger Punj*