UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
RANVIR YADAV, VEENA YADAV, PRIYANKA          11 CV. 1500
YADAV, SIDHARTH YADAV, SURENDER
AHLUWALIA AND DEEPAK SETH

       Plaintiffs,    PLAINTIFFS' REPLY TO
               DEFENDANTS OPPOSITION TO
v.                 PLAINTIFFS' MOTION FOR
                 DEFAULT JUDGMENT

RAJEEV A/K/A "ROGER" PUNJ, RICHARD E. KAPLAN,
ROSETHENTHAL COLLINS GROUP LLC., UBS
FINANCIAL SERVICES INC., ADLER 747, INC., SMW
TRADING COMPANY INC., FC STONE LLC., CAPITAL
ONE SERVICES LLC.

       Defendants.
---------------------------------------------------------------X

## Introduction

    Plaintiffs, by and through their attorneys, Napoli Bern Ripka & Associates, LLP, reply to Defendant's Opposition to Plaintiffs' Motion for Entry of Default Judgment ("Defendant's Opposition").

    Defendant, through counsel, requests that this Court vacate the default judgment of the clerk, despite his continued failure to answer the complaint.

    Plaintiff respectfully request that the Default Judgment be entered, and all costs and reasonable attorneys' fees associated with this proceeding be rendered against Defendant.

## Procedural History

    On March 2, 2011, Plaintiffs filed their complaint. On March 21, 2011, and again on March 29, 2011, the Defendant was properly served. Instead of filing an answer,

1

Defendant sent a letter to Plaintiff that was neither filed with this court nor was it properly served.

On April 27, 2011, Plaintiffs filed an Order to Show Cause and a Motion for Default Judgment. Defendant retained counsel, and on May 13, 2011, Defendant's counsel orally moved to stay the proceedings based on a claim of privilege stemming from Defendant's Fifth Amendment rights. The court denied Defendant's oral motion, however, the court vacated the Defendant's default and signed an order that required Defendant to file an answer by May 27, 2011.

On May 26, 2011, instead of filing an answer, the Defendant renewed his Motion to Stay based on the same reasoning already rejected by the Court. Plaintiffs properly filed written opposition to the renewed motion June 8, 2011, but Defendant failed to deliver copies to Your Honor's Chambers, as required by the local rules.

Consequently, the Court did not rule on either the renewed Motion to Stay or the Motion for Default Judgment at our last hearing, June 24, 2011.

Defendant failed to answer the initial complaint according to the federal rules of civil procedure, failed to answer when explicitly ordered by the Court, and renewed motions based on reasoning that was already rejected by Your Honor.

**Legal Argument**

The Federal Rules of Civil Procedure dictate that "the court may set aside the entry of default for good cause." Fed. R. Civ. P. 55(c); *see e.g., Meehan v. Snow*, 652 F.2d 275, 275-6 (2d Cir. 1981). The Second Circuit has held that a court must examine three factors to determine if good cause exists to vacate a default: 1) the willfulness of the default, 2) the existence of any meritorious defenses that would ultimately relieve the defaulting party of liability, and 3) the prejudice to the plaintiff resulting from vacating

2

the default. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991); *Marziliano v. Heckler*, 728 F.2d 151, 157 (2d Cir.1984); *Davis v. Musler*, 713 F.2d 907 (2d Cir.1983); *Meehan*, 652 F.2d at 275. In making its determination, "the relevant case law... *obliges* the Court to consider" the three factors recited above. *See Odfjell Seachem A/S v. Continental De Petrols Et Investments*, 613 F. Supp. 2d 497, 500 (S.D.N.Y. 2009) (emphasis added).

In this case, Defendant failed to demonstrate good cause allowing this court to vacate the default judgment. In fact, each of the above factors falls heavily in favor of the Plaintiffs. Because the Defendant's failure to file an answer was willful, Defendant lacks any meritorious defense to the substantive charges of the present action, and the prejudice to the Plaintiffs resulting from the continued delay is great, Plaintiffs respectfully request that default judgment be affirmed.

I.   **Defendant Willfully Failed to Answer the Complaint**

In determining the willfulness of a Defendant's default, the court must determine whether the Defendant's actions were a matter of simple error or whether his actions were intentional. *See Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996). However, when there is no error, the Second Circuit "has refused to vacate a judgment where the moving party has made a strategic decision to default." *See id.* at 60 (*citing U.S. v. Erdoss*, 440 F.2d 1221 (2d Cir. 1971)). Further, when a defendant "admitted he deliberately chose not to appear in the action because he faced possible indictment upon return to New York," the Second Circuit has held that such a default is willful, rendering vacatur of the default inappropriate. *See Action S.A.*, 951 F.2d at 507.

In this case, the Defendant has willfully failed to answer in the manner required by both the Federal Rules of Civil Procedure and by this Court's May 13, 2011 order. The Second Circuit has made it clear that honest mistakes regarding dates or missed deadlines resulting from error not attributable to the defaulting party may be excusable.[1] However, the knowing and deliberate avoidance of filing an answer as a strategic method to dodge a possible criminal indictment, as the Defendant did in this case, is surely willful. *Id.*

The Defendant's failure to file an answer was conscious and deliberate. After he was already in default, Defendant made an appearance on May 13, 2011, where he was *ordered* to file a responsive pleading and incorporate any Fifth Amendment claims in his answer by May 27, 2011. Instead, on May 26, 2011, Defendant renewed (in writing) the very same motion to stay that this Court orally rejected on May 13, 2011. Defendant ignored this Court's Order to file an Answer by May 27, 2011.

Now, after multiple opportunities to file an answer, a renewed motion in writing to stay that had already been orally rejected, and failure to follow simple and direct court orders regarding filing and the delivery of court papers, Defendant claims that he is "conscientiously" defending himself. In reality, it is clear that counsel has made a strategic and willful decision to ignore the requirements of the Federal Rules of Civil Procedure *and* this Court's May 13, 2011 order.

---

[1] *S.E.C. v. McNulty* outlines some of the Second Circuit's precedent concerning "willful" behavior. See *S.E.C. v. McNulty*, 137 F.3d 732, 739-40 (2nd Cir. 1998). Examples of willfulness include an attorney's unexplained failure to respond to a motion for summary judgment (U.S. v. Cirami, 535 F.2d 736, 739 (2d Cir. 1976)), an attorney's failure to comply with scheduling orders, giving only 'flimsy' explanations (*Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2nd Cir. 1980)), or a defendant's purposeful avoidance of service followed by a failure to file an answer (*Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243-44). See *McNulty*, 137 F.3d at 739-40.

II.     **Defendant Does Not Have A Meritorious Defense To The Complaint**

The existence of a meritorious defense is a key factor in the analysis of whether a default should be vacated. *Id.* In order to vacate a default and avoid a default judgment, a defendant must have a substantive defense to the claim that is, at the very least, potentially viable. *See John v. Sotheby's*, 141 F.R.D. 29, 36 (S.D.N.Y. 1992). The absence of a potentially viable defense is sufficient for a court to deny vacatur of a default judgment. See *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005).

Furthermore, bare assertions of the existence of some defense or conclusory denials of liability are insufficient to justify the denial of a motion for default judgment. *See Sony Corp. v. Elm State Elec., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986). Rather, a Defendant must present *evidence* to support the proffered defense. *Id.* (holding that, "although, in an answer, general denials are normally enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts"). The 'test' for the viability of such a proffered defense is "whether the evidence submitted, if proven at trial, would constitute a complete defense to the claim in question. See *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir 1998). It follows that, if no valid defense exists, default judgment is appropriate.

In this case, the Defendant has no meritorious defense to the substantive allegations contained in the Complaint. In his opposition, Defendant's counsel only claims that "Mr. Punj is a registered broker... as such, he is not strictly liable for plaintiffs losses." (Opp'n to Default Mot., 6). Additionally, he claims that $200,000 was returned to plaintiffs. *Id.*

These claims are not substantive defenses to the allegations in the Complaint. Defendant merely states a theory of liability; claiming Mr. Punj is 'not strictly liable' has nothing to do with whether Mr. Punj stole from Plaintiffs or is liable under the theories Plaintiffs have proffered.

Further, the Second Circuit has made it clear that bare assertions of a defense, in the absence of evidence, are inadequate to vacate a default. Defendant fails to offer any evidence that he invested *any* of these assets in commodities (as he claims), that the Yadav assets were not converted to personal use, or that, under *any* theory of liability Mr. Punj can show a potentially 'viable' defense.

Lastly, the claim that Defendant made payments of $200,000 to plaintiff is not a defense. Defendant only offers circumstances, that, if evidence is offered to support them, may mitigate damages. He does not claim that he did not steal, or that there is not a balance in excess of $900,000 outstanding, only that the amount he is liable for is less than the amount claimed. In such situations, the Federal Rules of Civil Procedure outline that the appropriate remedy for such a claim is not vacatur of the default, but a hearing to accurately determine damages before default judgment is entered. Fed. R. Civ. P. 55(b). If Defendant wishes to contest damages, the Court should conduct a hearing on damages pursuant to the Federal Rules of Civil Procedure. *Id.*

Because Defendant failed to carry his burden of showing the existence, through evidence, of a 'potentially viable' defense, this element falls in favor of the plaintiff. Even if there is a legitimate question of fact regarding damages, default is warranted, and a separate hearing apart from the issue of substantive liability is appropriate.

### III. Further Delay Will Prejudice Plaintiffs

Lastly, the court must examine the potential prejudice to the Plaintiffs. Examples of such prejudice include the inability to meaningfully recover post judgment, the loss of evidence, and increased difficulties in discovery. See *Green*, 420 F.3d at 110 (*citing* 10A Charles A. Wright, et al., Fed. Practice & Procedure: Civil: § 2699, at 169; *Davis*, 713 F.2d at 916). Additionally, while delay itself is insufficient to constitute the requisite prejudice, if that delay results in either the above logistical problems or an opportunity for the Defendant to continue perpetrating fraud, a plaintiff suffers prejudice. *See Green*, 420 F.3d at 110.

In this case, the Plaintiffs have been unable to engage in discovery because of the Defendant's delay. At our last hearing, Defendant admitted that there is at least one other potential Defendant who should be joined in this action. However, because of the Defendant's delay tactics, the statute of limitations is nearing, and the possibility for joining other parties is dwindling.

Furthermore, the Defendant used his position of trust with the Yadav family, their friends, and the Indian community to convert over a million dollars into his own personal property. The Defendant has been using the personal property of the Yadavs gained through these illegal activities for his own use and well-being. Moreover, the Defendant's financial reserves are no doubt being depleted by the defense of his criminal case. With the passage of time and the financial burdens associated with criminal defense, the Plaintiffs stand in jeopardy of losing the ability to recover from the Defendant.

Lastly, it is our belief that Mr. Punj is currently using the Yadav's assets for his personal expenses. Consequently, if this case is stayed during the pendency of Mr. Punj's criminal trial, Plaintiffs will be functionally conscripted to pay for the criminal defense of a man who stole from them, surely cutting against any notion of equity.

### IV. Finally, Default Judgment is Appropriate Despite Defendant's Attorney's Role in Failing to Answer

"Absent a truly extraordinary situation, clients are not excused from consequences of his attorney's nonfeasance." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666, 667 (2d Cir. 1980) (holding that dismissal was appropriate remedy for Plaintiff's Counsel's failure to prosecute wholly independent of client or clients wishes). In fact:

> There is certainly no merit in the claim to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on his client. [Defendant] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion is wholly inconsistent with our system of representative litigation.

*Id.* (citing *Smith v. Ayer*, 101 U.S. 320, 326 (1880).

Thus, the Defendant in this case should not be excused for the failure of his attorney to properly respond to the Complaint.

### Conclusion

Defendant has willfully delayed these proceedings, has no valid defense to the allegations contained in the original complaint, and Plaintiffs' will potentially lose the ability to recover if this case is allowed to continue unresolved. As a result, Plaintiffs respectfully request that this Court enter a full and final default judgment against Defendant in the amount of $1,169,838, plus interest, costs and all reasonable attorney's fees.

Dated: July 1, 2011

           Respectfully Submitted,

By: _____
Adam J. Gana
NY Bar Id: 4408431
SDNY Bar Id: AG 1980
NAPOLI BERN RIPKA & ASSOCIATES LLP
350 Fifth Avenue
New York, New York 10018

*Attorneys for Plaintiffs*