**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**RANVIR YADAV, ET AL.,**

                **Plaintiffs,**         **11 Civ. 1500 (JGK)**

     **- against -**          **MEMORANDUM OPINION**
                               **AND ORDER**

**RAJEEV PUNJ, ET AL.,**

                **Defendants.**
────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiffs have moved for a default judgment in the amount of $1,624,227.53 against Defendant Punj.  This action was filed on March 4, 2011, and the defendant was served on March 21, 2011.  When the defendant did not timely answer, the plaintiffs obtained a certificate of default from the Clerk, and moved for a default judgment by means of an order to show cause on April 26, 2011.  At a hearing on the order to show cause on May 13, 2011, the defendant appeared by counsel and stated his intention to defend the action.  As a result, the Court vacated the default and directed the defendant to respond to the complaint by May 27, 2011.

    Rather than answering, the defendant filed, on May 26, 2011, a motion to stay these proceedings, on the ground that he had been indicted in state court in Suffolk County on similar charges.  On June 13, 2011 – less than three months after the defendant was first served – the plaintiffs again obtained a

certificate of default, and brought an order to show cause why a default judgment should not be entered against the defendant. At a hearing on June 27, 2011, the defendant again appeared by counsel and represented that he intended to defend the action but believed his filing of a motion to stay relieved him of the obligation to respond to the complaint by the time set by the Court.

## I.

In determining whether to set aside a defendant's default, the Court considers three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Powerserve Int'l Co. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) (internal quotation marks and citation omitted). Default judgments are disfavored, and there is a strong public policy favoring resolving disputes on the merits. See Pecarsky v. Galaxiworld, 249 F.3d 167, 172 (2d Cir. 2001).

In this case it is clear that there was no willful default. The defendant did attempt to avoid answering the complaint on the ground that he had filed a motion to stay premised on the pendency of a criminal indictment. That decision may well have been error, but it was hardly a decision to willfully fail to

2

respond to the complaint.  Moreover, the plaintiffs have failed to show any prejudice from the lapse of about three months from the time that the defendant should have answered the complaint. The defendant also asserts a desire to defend this case on the merits, although that is limited by the suggestion that he might assert his Fifth Amendment privilege.  However, consistent with the policy that lawsuits should be decided on the merits, the defendant should be given the opportunity to defend the case.

The default is therefore vacated and the motion for a default judgment is denied.


## II.


Defendant Punj has moved to stay this action because of the pendency of an indictment against him in state court in Suffolk County.  In determining whether to stay an action in such circumstances, the Court considers: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation, as balanced against the prejudice to the plaintiffs if the litigation is delayed; (2) the private interests of and burden on the defendant; (3) the interests of the courts; (4) the interests of persons not party to the civil litigation; and (5) the public interest.  See Volmar Distributors, Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993); Arden

<u>Way Assoc. v. Boesky</u>, 660 F. Supp. 1494, 1496-97 (S.D.N.Y. 1987).

As a preliminary matter, it should be noted that the defendant has failed to make any sufficient showing for a stay. While the defendant asserts that he is under indictment in state court in Suffolk County, he has failed to submit a copy of the indictment or to explain with any specificity how the alleged charges are connected with the claims in the current case. Whatever the charges in Suffolk County, there may well be ways in which the current case could proceed without ever touching on matters that would be a basis for the defendant to assert his Fifth Amendment privilege.

Even if there were matters that did touch on the plaintiff's right to assert his Fifth Amendment privilege, that would not be a basis for preventing this entire litigation from going forward. The plaintiffs rightly assert that discovery may allow them to join additional parties as to whom the statute of limitations may be running. In addition, the plaintiffs have a legitimate concern that they may be owed substantial amounts of money from the defendant, and that the defendant might dissipate those funds if this litigation is stayed. While the defendant may have a Fifth Amendment privilege to assert with respect to certain matters, that is not a basis to ignore the plaintiffs' legitimate interests in pursuing this action. Indeed, it is not

4

a reasonable argument for the defendant to assert that he should
not be required to respond to civil claims against him to
recover funds allegedly wrongfully taken simply because the
defendant's conduct may have been so egregious that he would be
entitled to assert his Fifth Amendment privilege, rather than to
defend against such claims.  See Boesky, 660 F. Supp. at 1497.

Having considered all of the relevant factors, the
defendant's motion to stay this litigation is therefore denied.

### CONCLUSION

The plaintiffs' motion for a default judgment is **denied**,
and the Clerk's default is **vacated**.  The defendant's motion for
a stay is also **denied**, and the defendant is directed to respond
to the complaint by **July 22, 2011**.  The Clerk is directed to
close **Docket Nos. 26 and 31**.

SO ORDERED.

Dated:    New York, New York
          July 9, 2011

                              John G. Koeltl
                        United States District Judge