UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

RANVIR YADAV, VEENA YADAV, PRIYANKA YADAV, SIDHARTH YADAV, SURENDER AHLUWALIA, AND DEEPAK SETH

       Plaintiffs

  v.

RAJEEV "ROGER" PUNJ, et. als

       Defendants
----------------------------------------------------------------X

Civil No. 11 CV 1500

Judge John Koeltl

**ANSWER**

(Defendant Roger Punj)

Defendant Rogeev "Roger" Punj, by way and through counsel, hereby responds to the allegations set forth in Plaintiff's complaint and by way of Answer to said complaint states:

PLAINTIFFS

1. Defendant neither admits nor denies and leaves plaintiff to his proofs.

2. Defendant neither admits nor denies and leaves plaintiff to his proofs.

3. Defendant neither admits nor denies and leaves plaintiff to his proofs.

4. Defendant neither admits nor denies and leaves plaintiff to his proofs.

5. Defendant neither admits nor denies and leaves plaintiff to his proofs.

6. Defendant neither admits nor denies and leaves plaintiff to his proofs.

7. Defendant neither admits nor denies and leaves plaintiff to his proofs.

DEFENDANTS

8. Admit

9. Defendant neither admits nor denies and leaves plaintiff to his proofs.

10. Defendant neither admits nor denies and leaves plaintiff to his proofs.

11. Defendant neither admits nor denies and leaves plaintiff to his proofs.

12. Defendant neither admits nor denies and leaves plaintiff to his proofs.

13. Defendant neither admits nor denies and leaves plaintiff to his proofs.

14. Defendant neither admits nor denies and leaves plaintiff to his proofs.

15. Defendant neither admits nor denies and leaves plaintiff to his proofs.

JURISDICTION

16. Defendant neither admits nor denies the alleged bases upon which this action lies and leaves Plaintiffs to their proofs.  Defendant admits that Plaintiffs cite to each source as the basis for one of more of their allegations.  Defendant denies that Plaintiff states a cause of action under each or any of them.

17. Defendant admits that venue is proper in the Southern District of New York.

FACTUAL BACKGROUND

18. Deny

19. Deny

20. Admit the Defendant Punj told Mr. Yadav that he worked at the Commodity Exchange and called his firm K&M Commodities. Deny the remainder.

21. Overly broad, defendant is without sufficient knowledge to understand the nature of plaintiff's allegations.  To the extent that defendant is able to understand the allegation, defendant

denies that investments were ever guaranteed, defendant did not provide trading statements associated with Kaplan.

22. Deny.

23. Admit Rosenthal account is under Defendant Punj's name, Deny UBS account was in Defendant Punj's name, Admit Capital One account was in Defendant Punj's name, Admit no statements were given to Plaintiffs, without sufficient knowledge to ascertain amounts.

24. Without sufficient knowledge and leaves Plaintiffs to their proofs.

25. Admit

26. Deny

27. Deny

### SMW

28. Defendant admits receiving a $25,000 check from Plaintiffs Yadav, date uncertain, denies cashing the check or using the proceeds for his personal use. Defendant opened an account with SMW and neither admits nor denies purchasing U.S. Treasuries.

29. Deny

### PROMISSORY NOTES

30. Admit executing promissory note, deny that it is unsatisfied, terms speak to themselves.

### FC STONE

31. Deny soliciting funds to invest on gold. Admit receiving funds to invest, without sufficient knowledge as to dates and amounts.

32. Admit

33. Deny

34. Deny

35. Deny, to the extent that the paragraph is not directed at Defendant Punj, no answer is required.

36. Without sufficient knowledge as to dates & amounts, Admits that Yadavs provided funds to Defendant Punj to invest, deny funds were not invested, admit that statements were not provided.

37. Without sufficient knowledge as to dates & amounts, Admits that Yadavs provided funds to Defendant Punj to invest, deny funds were not invested, admit that statements were not provided.

38. Without sufficient knowledge as to dates & amounts, Admits that Yadavs provided funds to Defendant Punj to invest, deny funds were not invested, admit that statements were not provided.

39. Without sufficient knowledge as to dates & amounts, Admits that Yadavs provided funds to Defendant Punj to invest, deny funds were not invested, admit that statements were not provided.

40. Deny soliciting funds, Admit Yadavs invested with Punj, leave Plaintiff to his proofs.

41. Deny soliciting funds, Admit Yadavs invested with Punj, insufficient knowledge leave Plaintiff to his proofs dates/amounts.

42. Deny soliciting funds, Admit Yadavs invested with Punj, insufficient knowledge leave Plaintiff to his proofs dates/amounts.

43. Deny soliciting funds, Admit Yadavs invested with Punj, insufficient knowledge leave Plaintiff to his proofs dates/amounts.

44. Deny soliciting funds, Admit Yadavs invested with Punj, insufficient knowledge leave Plaintiff to his proofs dates/amounts.

45. Deny soliciting funds, Admit Yadavs invested with Punj, insufficient knowledge leave Plaintiff to his proofs dates/amounts.

46. Deny soliciting funds, Admit Yadavs invested with Punj, insufficient knowledge leave Plaintiff to his proofs dates/amounts.

47. Admit Yadavs invested with Punj, insufficient knowledge leave Plaintiff to his proofs dates/amounts.

## PRIYANKA YADAV

48. Admit Priyanka Yadav invested with Punj, insufficient knowledge leave Plaintiff to her proofs.

49. Admit Priyanka Yadav invested with Punj, insufficient knowledge leave Plaintiff to her proofs.

50. Admit Priyanka Yadav invested with Punj, insufficient knowledge leave Plaintiff to her proofs.

51. Admit Priyanka Yadav invested with Punj, insufficient knowledge leave Plaintiff to her proofs.

## SIDHARTH YADAV

52. Admit Sidharth Yadav invested with Punj, insufficient knowledge leave Plaintiff to his proofs.

53. Admit Sidharth Yadav invested with Punj, insufficient knowledge leave Plaintiff to his proofs.

54. Admit Sidharth Yadav invested with Punj, insufficient knowledge leave Plaintiff to his proofs.

## SURENDER AHLUWALIA

55. Admit Surender Ahluwalia invested with Punj, insufficient knowledge leave Plaintiff to his proofs.

56. Deny convincing Ahluwalia, Admit Surender Ahluwalia invested with Punj, insufficient knowledge leave Plaintiff to his proofs.

57. Deny. Admit Surender Ahluwalia invested with Punj, insufficient knowledge leave Plaintiff to his proofs.

58. Admit Surender Ahluwalia invested with Punj, insufficient knowledge leave Plaintiff to his proofs.

## DEEPAK SETH

59. Admit Deepak Seth invested with Punj, deny never investing funds, admit no statements, insufficient knowledge leave Plaintiff to his proofs.

60. Admit Deepak Seth invested with Punj, leave Plaintiff to his proofs.

61. Deny, insufficient knowledge leave plaintiff to his proofs.

62. Deny, insufficient knowledge leave plaintiff to his proofs.

63. Deny, insufficient knowledge leave plaintiff to his proofs.

64. Deny, insufficient knowledge leave plaintiff to his proofs.

## CLAIM 1 – RICO

65. As stated in previous paragraphs.

66. Statement

67. Deny

68. Deny

69. Deny

70. Deny

71. Deny

72. Deny

73. Deny

74. Deny

75. Deny

76. Deny

77. Deny

78. Deny

79. Deny

## CLAIM 2 - 10(b), 10(b)(5)

80. As stated in previous paragraphs.

81. Statement

82. Deny

83. Deny

84. Deny

85. Deny

86. Deny

87. Deny

88. Deny

89. Deny

90 Deny

91. Not directed at Defendant, leave Plaintiff to his Proofs

92. Not directed at Defendant, leave Plaintiff to his Proofs

## CLAIM – CONVERSION

93. As stated in previous paragraphs

94. Statement

95. Leave Plaintiff to their proofs, not directed at Defendant

96. Deny

97. Not directed at Defendant, legal conclusion

## CLAIM 4 - UNJUST ENRICHMENT

98. As stated in previous paragraphs

99. Statement

100. Deny

101. Legal conclusion

## CLAIM 5 – BREACH OF CONTRACT

102. As stated in previous paragraphs

103. Statement

104. Admit

105. Legal conclusion, see terms of contract

106. Insufficient information, uncertain as to dates & amounts, leave Plaintiff to her proofs

107. Legal conclusion, see terms of contract

108. Deny

109. Legal conclusion

## CLAIM 6 – NEGLIGENCE

110. As stated in previous paragraphs

111. Statement

112. Legal conclusion

113. Legal conclusion

114. Legal conclusion

115. Legal conclusion

116. Legal conclusion

117. Legal conclusion

118 Legal conclusion

## DEFENSE

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

At all times relevant hereto, defendants have acted in good faith and without fraud or malice.

SECOND AFFIRMATIVE DEFENSE

Defendants have not deprived plaintiffs of any right, privilege or immunity secured by the New York or United States Constitutions or any Act of Congress or the Legislature of New York.

THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against defendants upon which relief may be granted.

FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against defendants upon which relief may be granted.

FIFTH AFFIRMATIVE DEFENSE

Loan payments.

SIXTH AFFIRMATIVE DEFENSE

Statute of limitations.

SEVENTH AFFIRMATIVE DEFENSE

Assumption of risk.

EIGHTH AFFIRMATIVE DEFENSE

The complaint is barred by the doctrines of res judicata and/or collateral estoppel and/or entire controversy and/or issue preclusion.

NINTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statutes of limitations.

TENTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of the defendants is not the proximate cause of any injuries which may have been sustained by plaintiff.

ELEVENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of the plaintiff's own actions and/or inactions.

TWELFTH AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction over the subject matter of this action.

THIRTEENTH AFFIRMATIVE DEFENSE

Damages, if any sustained by the plaintiff, were the result of the actions of persons and/or entities over whom the defendants have no control.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to interpose each and every such other separate defense that continuing investigation and discovery may indicate.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed under the theory of exclusivity of remedies.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendants did not violate any duty to plaintiff.

SEVENTEENTH AFFIRMATIVE DEFENSE

The action is so lacking in fact-based merit as to warrant dismissal with prejudice.

EIGHTEENTH AFFIRMATIVE DEFENSE

This suit is barred by laches.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed since defendants committed no violation of public policy.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed because defendants have taken no adverse employment action against plaintiff.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Consent.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Contractual.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Waiver.

## JURY DEMAND

Defendants demand a trial by jury on all of the issues herein.

## RESERVATION OF RIGHTS

Defendants reserve the right, at or before trial, to move to dismiss the complaint and/or move for summary judgment, on the grounds that the complaint fails to state a claim upon which relief can be granted and/or the Defendants are entitled to judgment as a matter of law.

Respectfully submitted,

Dated: New York, NY  
       July 22, 2011

s/Scott K. Turner_____  
Scott K. Turner, Esq.  
Turner Independent Law Firm, P.C.  
295 Greenwich St. #535  
New York, NY 10007  
212-457-0094